IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DERON L. BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06cv725-MHT |
| ) | (WO) |
| REGIONS BANK, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On August 11, 2006, *pro se* plaintiff Deron Barnett filed this action against defendant Regions Bank. According to Barnett, Regions Bank wrongfully allowed someone to take $15,000.00 from his safety deposit box in December 2002.

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In addition, FED R. CIV. P. 12(h)(3) requires that "[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action." This court operates under an independent obligation to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are

prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

It does not appear from a review of the complaint that the plaintiff presents a federal question to invoke this court's federal question jurisdiction. *See* 28 U.S.C. § 1331. In addition, it appears that the amount in controversy does not exceed $75,000. Thus, there does not appear to be diversity jurisdiction. *See* 28 U.S.C. § 1332. Consequently, on the face of the complaint, it does not appear that this court has jurisdiction over this matter. Accordingly, it is

ORDERED that on or before August 31, 2006, the plaintiff shall show cause why this case should not be dismissed for lack of subject matter jurisdiction. **The plaintiff is advised that if he fails to respond to respond to this order with specificity, the court will treat his failure to respond as an abandonment of the claims set forth in his complaint. The plaintiff is further cautioned that if he fails to file a response in accordance with the directives of this order, the court will recommend that this case be dismissed.**

Done this 17th day of August, 2006.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE