IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DERON L. BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:06cv725-MHT |
| | ) | |
| REGIONS BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiff Deron Barnett complains that someone wrongfully withdrew

approximately $15,000.00 from his bank account and a safe deposit box at Regions Bank

by signing his name.  Barnett wants the bank to give him back his money.   The bank has

filed a motion to dismiss pursuant to both FED.R.CIV.P. 12(b)(1) and 12(b)(6).[1]  The court

concludes that it lacks jurisdiction over the plaintiff's claims and that this case must

dismissed for want of jurisdiction.

Because federal courts are courts of limited jurisdiction, it is a basic premise of

federal court practice that the court must have jurisdiction over the subject matter of the

action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal

courts only have the power to hear cases as authorized by the Constitution or the laws of

---

[1]The bank contends that Barnett's claims previously have been determined adversely to him in state
court.  The court pretermits consideration of that contention.

the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their

jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am.*

*Tobacco Co.*, 168 F.3d405, 410 (11th Cir. 1999). In addition, FED R. CIV. P. 12(h)(3)

requires that "[w]herever itappears . . . that the court lacks jurisdiction, the court shall

dismiss the action."

No federal question is presented by Barnett's complaint.  *See* 28 U.S.C. § 1331.

Thus, the only possible basis for jurisdiction is diversity jurisdiction. 28 U.S.C. § 1332.

Pursuant to 28 U.S.C. § 1332(a) the matter in controversy must exceed the sum or value

of $75,000.00 for jurisdiction to exist.  Barnett asserts that the total amount of his loss is

$15,000.00.  Therefore, Barnett's claim does not meet the jurisdictional amount.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the

motion to dismiss be granted and that this case be dismissed for want of jurisdiction.  It is

further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation **on or before September 14, 2006**.  Any objections filed must

specifically identify the findings in the Magistrate Judge's Recommendation objected to.

Frivolous, conclusive or general objections will not be considered by the District Court.

The parties are advised that this Recommendation is not a final order of the court and,

therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in

the Magistrate Judge's report shall bar the party from a *de novo* determination by the

District Court of issues covered in the report and shall bar the party from attacking on

appeal factual findings in the report accepted or adopted by the District Court except upon

grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also*

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding

precedent all of the decisions of the former Fifth Circuit handed down prior to the close

of business on September 30, 1981.

      Done this 1st day of September, 2006.


              /s/Charles S. Coody

             CHARLES S. COODY
             CHIEF UNITED STATES MAGISTRATE JUDGE